Filed 6/24/24  Marriage of Gill and Kaur CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re the Marriage of JASHANDEEP SINGH GILL and NAVJOT KAUR. | |
| JASHANDEEP SINGH GILL,<br><br>Respondent,<br><br>v.<br><br>NAVJOT KAUR,<br><br>Appellant. | F086903<br><br>(Super. Ct. No. BFL-22-003269)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Donald B. Griffith, Commissioner.

Navjot Kaur, in pro. per., for Appellant.

No appearance made by Respondent.

-ooOoo-

---

[*]     Before Peña, Acting P. J., Smith, J. and Snauffer, J.

This is a marriage dissolution matter. The parties are Jashandeep Singh Gill and Navjot Kaur. Gill filed a petition for dissolution of marriage on August 1, 2022. On August 16, 2023, the family court held a hearing on Gill's request for a long-term restraining order against Kaur. Both parties testified at the hearing. The family court granted Gill's request for the restraining order against Kaur, ruling that the restraining order would remain in effect for a period of three years and would expire on August 15, 2026.

Kaur, who is self-represented, appeals after the family court entered the long-term domestic violence restraining order, with Gill being the protected party and Kaur the restrained party. Kaur's brief does not contain an appropriate statement of appealability regarding the appealability of the underlying order. However, even were we to assume the underlying order is appealable (which it would appear to be), Kaur does not make any cognizable legal argument.

Kaur's opening brief is only a few pages long; Gill did not file a responsive brief; and Kaur in turn did not file any reply brief. The record on appeal is the clerk's transcript, which consists almost exclusively of the restraining order itself and the register of actions.

The argument section of Kaur's opening brief is one paragraph long as follows: "Judgement was based on my emails which have so much content, and information, my family and I are constantly receiving threats, on the top of that, his mother calling to our relatives for have solutions, so I and respondent can live happily. Double faced people are playing their games by having an attorney side who is actually corrupt in the same way. Judgment day, it was based on how many emails Jashandeep and his lawyer receive. They are talking about harassment, I am done with him, it took him five months to file divorce after our separation, five months to serve me papers, my frustration was presented as harassment. Six months of my live was wasted on [his] filing and withdrawing DVRO."

2.

We conclude Kaur's claims are waived.  (*Singh v. Lipworth* (2014) 227 Cal.App.4th 813, 817 ["We consider all points asserted in this appeal to be forfeited as unsupported by 'adequate factual or legal analysis.' "]; *Cahill v. San Diego Gas & Electric Co*. (2011) 194 Cal.App.4th 939, 956 [" 'Appellate briefs must provide argument and legal authority for the positions taken.  "When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived." ' "].)  Accordingly, we affirm the family court's long-term domestic violence restraining order.

## <u>DISPOSITION</u>

The family court's long-term domestic violence restraining order is affirmed. Each party to bear his or her own costs.