Filed 11/22/24  Marriage of Weetly CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| In re the Marriage of ANDREA and LOUIS WEETLY | B331415 |
| ANDREA NICOLE WEETLY,<br><br>Appellant,<br><br>v.<br><br>LOUIS ANDY WEETLY,<br><br>Respondent. | (Los Angeles County Super. Ct. No. 19PSFL01730) |

APPEAL from orders of the Superior Court of Los Angeles County, Dean J. Kitchens, Judge, and Sheryl M. Beasley, Judge Pro Tempore.  Affirmed.

Andrea Nicole Weetly, in pro. per., for Appellant.

Law Offices of Paul A. Eads and Paul A. Eads for Respondent.

1

Andrea Nicole Weetly (Andrea) appeals from three post-judgment orders arising out of the dissolution of her marriage to respondent Louis Andy Weetly (Louis).[1]  The three orders at issue concern aspects of the court-ordered sale of the family home, which the trial court compelled when it dissolved the parties' marriage.  We consider whether the challenges to these orders raised in this appeal are forfeited in light of the record and briefs Andrea has provided.

## I.  BACKGROUND

### A.    *Marriage Dissolution Judgment*

Andrea and Louis were married in December 2001.  They separated in July 2019, and Andrea petitioned for divorce in September 2019.

On May 3, 2022, following a bench trial, the trial court entered a judgment dissolving Andrea and Louis's marriage.  Among other things, the court directed the sale of the family home and detailed the process by which a real estate broker was to be selected.  The court ordered the parties to cooperate with brokers, buyers, escrow companies, appraisers, and others involved in the sale, and warned that "[f]ailure to cooperate in the sale" could result in various adverse consequences, including monetary sanctions.  The court reserved jurisdiction over "all aspects" of the court-ordered sale and its enforcement.

The May 2022 judgment also denied Andrea's request for need-based attorney's fees.  In addition, pursuant to Family Code

---

[1]     We follow the custom in family law proceedings of referring to the parties by their first names.  (*Anna M. v. Jeffrey E.* (2017) 7 Cal.App.5th 439, 443, fn. 1.)

section 217,[2] the court sanctioned Andrea in the amount of $1,000 for her lack of cooperation in discussions with Louis's attorney over the division of property.  The court directed that the sanction be paid from her share of the proceeds from the sale of the family home.  Andrea did not notice an appeal from the May 2022 judgment.

### B. *Pursuant to the Parties' Stipulation, the Trial Court Compels Sale of the Family Home*

In April 2023, the trial court held a hearing on Louis's request for an order enforcing the terms of the judgment as it related to the sale of the family home.  From what we can discern,[3] Louis asked to be given exclusive control over the sale, requested that Andrea be ordered to vacate the home, and sought sanctions for Andrea's asserted failure to cooperate in the sale.  After signaling its intent to grant Louis's request due to Andrea's lack of cooperation, the court allowed the parties to meet and confer off the record.  Following the recess, the parties advised they had signed all of the paperwork necessary to accept a pending offer on the property and had reached an agreement on a date for the home inspection, a date for the close of escrow (June

---

[2]     The statute authorizes a trial court to impose sanctions when conduct by a party or an attorney "frustrates the policy of the law to promote settlement of litigation and, where possible, to reduce the cost of litigation by encouraging cooperation between the parties and attorneys."  (Fam. Code, § 271, subd. (a).)

[3]     The register of trial court actions indicates Louis filed a memorandum of points and authorities and a declaration in advance of the hearing.  Copies of Louis's written submissions are not included in Andrea's appellant's appendix.

2, 2023), and a date by which Andrea would vacate the family home (June 16, 2023).[4]  In addition, the parties agreed that an early distribution of $70,000 from the home sale proceeds would be made to each party when escrow closed.

The agreement reached as a result of the meet and confer session was memorialized and approved by the court in an order entered on May 23, 2023.  As part of its order, the court reserved jurisdiction over Louis's request for sanctions.  Notwithstanding her stipulation to the terms of the agreement, Andrea noticed an appeal from this May 23, 2023, order.

C.    *The Trial Court Denies Andrea's Request to Relitigate Aspects of the Judgment*

On June 15, 2023, the trial court held a hearing on Andrea's request to "essentially set aside" portions of the May 2022 judgment, specifically its terms regarding need-based attorney fees, the sale of the family home, and the imposition of sanctions against her.  By stipulation of the parties, commissioner Sheryl M. Beasley presided at this hearing and all subsequent hearings relevant to this appeal.[5]  The court denied

---

[4]    The first two dates were contingent, but the "move out" date was final:  "[Andrea] shall move out of the residence on or before June 16, 2023[,] whether or not the house is sold or escrow closes."

[5]    It appears Andrea moved to withdraw her stipulation to the appointment of Commissioner Beasley as a temporary judge after the June 15, 2023, hearing.  Commissioner Beasley denied that motion.  In addition, the register of actions indicates Andrea and Louis filed a number of declarations on and in advance of the

4

Andrea's request and, on July 6, 2023, issued a written order memorializing that decision. Andrea noticed an appeal from this July 6, 2023, order.

> ### D. To Complete the Sale of the Family Home, the Trial Court Appoints the Court Clerk as Elisor to Act on Andrea's Behalf

In August 2023, the trial court held a hearing on Louis's ex parte request for an order facilitating the sale of the family home and awarding him attorney fees as a sanction for Andrea's failure to vacate the residence; the request also included an application for a writ of possession.[6] In attendance at the hearing were Louis, his attorney, the parties' realtor, an agent for the buyer, and a notary. Andrea did not attend the hearing.

Due to Andrea's absence, the court directed the court clerk to act as elisor and execute certain documents necessary to effectuate the sale of the family home on Andrea's behalf. The court also awarded Louis $10,000 in attorney fees as a sanction for Andrea's failure to cooperate, and the court directed that payment to be made from Andrea's share of the proceeds from the family home.[7] Andrea noticed an appeal from the August 11, 2023, order memorializing these rulings.

---

June 15, 2023, hearing, but Andrea's appendix does not include any court documents relating to that hearing.

[6] Although the register of actions shows Louis filed an ex parte request for emergency orders on August 8, 2023, the record on appeal does not include a copy of the request.

[7] The court continued the hearing on Louis's application for a writ of possession. Later that same month, the trial court held a

## II. DISCUSSION

"'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.'" (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; see also *Ballard v. Uribe* (1986) 41 Cal.3d 564, 574 [declining to consider the merits of a cross-appeal where plaintiff failed to furnish an adequate record, stating, "It is well settled . . . that a party challenging a judgment has the burden of showing reversible error by an adequate record"].)

In lieu of a clerk's transcript, Andrea chose to proceed on appeal by way of an appellant's appendix. California Rules of Court, rule 8.124(b)(1)(B), requires an appendix to contain all documents that are "necessary for proper consideration of the issues, including . . . any item that the appellant should reasonably assume the respondent will rely on."

Although Andrea included in her appendix two of the three post-judgment orders challenged on appeal (a copy of the July 6,

---

hearing on Louis's ex parte application for a writ of possession and further sanctions. Andrea appeared at the hearing, as did Louis and his attorney. The court granted sole and exclusive use of the home to Louis for the purpose of completing its sale. The court additionally ordered Andrea had until September 8, 2023, to vacate the home. The court conditionally stayed a sanctions award of $5,000 to Louis provided Andrea moved out of the home by 5:00 p.m. on September 8; if Andrea vacated the home in a timely manner, the sanctions order would be permanently stayed.

2023, order was attached to her Civil Case Information Sheet), her appendix does not include any of the written submissions by the parties that gave rise to the challenged rulings or any papers submitted in opposition thereto. Without the benefit of all the argument and evidence that was before the trial court, we cannot reliably determine what arguments were (or were not) made below or the correctness of the trial court's rulings (that depend, at least to some degree—and perhaps to great degree, on the parties' submissions).

In addition to the inadequate appellate record, the opening and reply briefs filed in this court are often unintelligible or raise issues we have no ability to address. Regarding the former consideration (unintelligibility), the briefs lack coherence (e.g., "[R]espondent counsel and judge engaged in front-stage back-stage strategies against appellant"), list headings with no supporting discussion, repeatedly quote lengthy passages from a reporter's transcript without any accompanying legal analysis, and provide lists of assertions unsupported by citation to the record or legal authority. That does not suffice to establish error. (See, e.g., *Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956; *Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852 ["It is not our place to construct theories or arguments to undermine the judgment and defeat the presumption of correctness. When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived"]; *Department of Alcoholic Beverage Control v. Alcoholic Beverage Control Appeals Bd.* (2002) 100 Cal.App.4th 1066, 1078; see also *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247.) Regarding the latter consideration (issues outside the scope of

this appeal), a significant portion of the opening brief appears to be devoted to an attack on the May 2022, judgment, including its order to sell the family home. The time to appeal from that judgment, however, expired long ago. (Cal. Rules of Court, rule 8.104.) Andrea also attacks other rulings that, while more recent, are not within the scope of the notice that gives rise to this appeal, e.g., the order denying her motion to withdraw her stipulation to a court commissioner serving as a temporary judge.

We therefore treat the bulk of the assertions made by Andrea on appeal as waived.[8] (See, e.g., *Singh v. Lipworth* (2014) 227 Cal.App.4th 813, 817 [where the opening brief on appeal was devoid of "'meaningful legal analysis,'" "[w]e consider all points asserted in this appeal to be forfeited"].) The sole contention we find to be presented with minimal adequacy is the claim that the trial court erred in sanctioning Andrea.[9]

On the limited record provided, we hold the sanctions award was not an abuse of discretion. (*Featherstone v. Martinez* (2022) 86 Cal.App.5th 775, 783-784 [sanctions order reviewed for abuse of discretion].) After initial opposition, Andrea eventually agreed on terms of a sale. But she then frustrated consummation of that agreement by refusing to sign essential documents, which compelled further court process, and by failing to appear at a noticed hearing scheduled to facilitate the home's sale.

---

[8]  Andrea's request for judicial notice of reporter's transcripts from hearings held in 2021 and 2022 is granted but does not affect our disposition.

[9]  In addition, insofar as Andrea asserts the proceedings below were tainted by racial or gender bias, we have reviewed the appellate record provided and reject the contention.

DISPOSITION

The orders dated May 23, 2023, July 6, 2023, and August 11, 2023, are affirmed. Louis Weetly shall recover his costs on appeal.


NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


BAKER, Acting P. J.

We concur:



MOOR, J.



KIM, J.

9