Filed 2/20/25  Perez v. Calvin CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| SABRINA VERONICA PEREZ, | F087496 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. VCU296024) |
| BRENT CALVIN et al., | **ORDER MODIFYING OPINION AND DENYING REHEARING** |
| Defendants and Respondents. | [NO CHANGE IN JUDGMENT] |

It is hereby ordered that the opinion filed herein on January 30, 2025, be modified as follows:

1.  On page 5, add the following footnote after the sentence that reads, "Accordingly, we affirm the judgment."

> Respondents' motion for sanctions for frivolous appeal, filed August 13, 2024, is denied.

Except for the modification set forth, the opinion previously filed remains unchanged.

This modification does not effect a change in the judgment.  Appellant's petition for rehearing is denied.

SMITH, J.

WE CONCUR:


PEÑA, Acting P. J.


FAIN, J.[*]

---

[*] Judge of the Fresno Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Filed 1/30/25  Perez v. Calvin CA5 (unmodified opinion)

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT


| | |
|---|---|
| SABRINA VERONICA PEREZ,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>BRENT CALVIN et al.,<br><br>Defendants and Respondents. | F087496<br><br>(Super. Ct. No. VCU296024)<br><br>**OPINION** |


APPEAL from a judgment of the Superior Court of Tulare County.  Bret D. Hillman, Judge.

Sabrina Veronica\ Perez, in pro. per., for Plaintiff and Appellant.

Atkinson, Andelson, Loya, Ruud & Romo, Mary Beth de Goede and Alex A. Lozada, for Defendants and Respondents.

-ooOoo-

Sabrina Veronica Perez is the plaintiff and appellant in this civil matter, which arose in the Tulare County Superior Court. Perez represented herself in the trial court and is self-represented on appeal as well. Perez has filed largely unintelligible briefs that do not clearly identify (1) the order she is appealing from or (2) the issue or issues on appeal. We affirm the judgment.

Perez's opening brief includes a one-paragraph long "statement of facts," as follows: "Plaintiff Sabrina is a former College of the Sequoias student, student at the time of causes of actions of this case. Defendant Brent Calvin is College of the Sequoias President and Defendant Juan Vasquez is a Dean at College of the Sequoias. Juan Vasquez and Brent Calvin falsely accused and continued to falsely accuse Plaintiff Sabrina of hacking into school computers, threatening, academic dishonesty, extorting, being hostile, smoking at College of Sequoias, etc., without proof and evidence to substantiate defendants' lies that are all expressed in original complaint and amended complaint on record of appeal. Cause of Actions are negligence and gross negligence, defamation of character slander, libel. [P]laintiff Sabrina was falsely accused by defendants after Sabrina exercised 1st amendment[.] Defendants retaliated to Plaintiff Sabrina exercising first amendment right by expressing her opinion, violating Plaintiff Sabrina's 1st amendment." (Some capitalization omitted.)

As for procedural history, Perez's opening brief contains a one-paragraph long "statement of the case," as follows: "Sabrina Veronica Perez filed a complaint on February 2023 alleging that Brent Calvin and Juan Vasquez wrote false accusations about Sabrina on her college records and college employees Brent Calvin and Juan Vasquez refused to take off the false accusations about Sabrina before and after Sabrina wrote formal complaints about being falsely accused to the college by Juan Vasquez and Brent Calvin. Tulare County Superior Court Judge Hillman granted the defendants a motion to

2.

strike that Judge Hillman decided made the defendants demurrer moot, it did not but that is what Judge Hillman ordered.  December 26, 2023 Judge Hillman dismissed this case (legal error)."  (Some capitalization omitted.)

The argument section of Perez's opening brief does not identify any arguments but serially discusses, in a sea of disorganized verbiage, various federal and state statutes and cases.  Perez's opening brief ends with a "conclusion" as follows (grammatical errors in original):  "Sabrina Veronica Perez is seeking this appeal to give Sabrina Veronica Perez her case back by give her her case back Sabrina Veronica Perez means undue the dismissal and undue order granting defendants' attorneys' fee and the amended complaints Sabrina Veronica Perez filed prior to this case being dismissed to not count towards the amount of times Sabrina Veronica Perez amended her complaint for the reason of:  Sabrina Veronica Perez's amended complaints didn't require compliance with the California Tort Claims Act and the California Tort Claims Act is the reason the defendants' demurrers against Sabrina Veronica Perez's complaints were sustained."  (Some capitalization omitted.)

The record on appeal filed by Perez in support of her brief contains a complaint filed on February 22, 2023; a second amended complaint filed on July 31, 2023; a one-page long "motion to reconsider tentative ruling of 11/7/2023" that she had filed on November 7, 2023; the trial court's December 26, 2023 "ruling on plaintiff's motion for reconsideration"; and the register of actions in the matter.  (Some capitalization omitted.)

Defendants and respondents Brent Calvin and Juan Vasquez filed a responsive brief.  The responsive brief states upfront:  "Respondents contend that the dismissal of Appellant's case was proper and that her appeal is both procedurally flawed and substantially unsupported in a multitude of aspects."  More specifically, the respondents state:  "As a preliminary matter, Appellant's opening brief fails to properly identify what

3.

she is appealing. Although she states that 'December 26, 2023 Judge Hillman dismissed this case,' the Trial Court actually denied Appellants *Motion for Reconsideration* on December 26, 2023. Appellant's *lawsuit* was dismissed on November 7, 2023, but she makes no mention of this in her opening brief. Further, while she discusses that Respondents' Motion to Strike ('Anti-SLAPP Motion') was granted, she never specifies an intent to appeal this decision, and does not include any legal analysis regarding Respondents' Anti-SLAPP Motion."

Respondents add, in their responsive brief: "The Appellant's opening brief in the instant appeal is, similar to the underlying Complaint and subsequent pleadings, unintelligible, incoherent, and disorganized. It continues to be impossible to ascertain Appellant's allegations against Respondents. Appellant has essentially 'cut and paste' legal definitions and direct excerpts of previous pleadings, court orders, motions, responses, oppositions, and accounts of events, without any coherent chronology or narrative." The responsive brief continues: "Appellant fails to articulate what she is appealing or the applicable standard of review for her appeal, let alone tailor her arguments to such standards." The responsive brief concludes: "Due to the numerous procedural deficiencies in Appellant's appeal, Respondents request that the appeal be denied in its entirety."

Perez filed a reply brief that contains a *single* substantive sentence: " 'All laws are to be interpreted consistent with the legislative intent for which they were originally enacted. [Citations].' "

We conclude Perez's ostensible claims are forfeited. (*Singh v. Lipworth* (2014) 227 Cal.App.4th 813, 817 ["We consider all points asserted in this appeal to be forfeited as unsupported by 'adequate factual or legal analysis.' "]; *Cahill v. San Diego Gas & Electric Co*. (2011) 194 Cal.App.4th 939, 956 [" 'Appellate briefs must provide argument

4.

and legal authority for the positions taken.  "When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived." ' "].)  Accordingly, we affirm the judgment.

## **DISPOSITION**

The judgment is affirmed.  The parties shall bear their own costs on appeal.

SMITH, J.

WE CONCUR:


PEÑA, Acting P. J.


FAIN, J.*

---

* Judge of the Fresno Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.