Filed 5/20/26  Wagner v. Perkins CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| JAMES WAGNER, JR., | F089614 |
| Plaintiff and Respondent, | (Super. Ct. No. CV64725) |
| v. | |
| DANIEL RAY PERKINS, | **OPINION** |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Tuolumne County.  David C. Beyersdorf, Judge.

Daniel Ray Perkins, in pro. per., for Defendant and Appellant.

James Wagner, Jr., in pro. per., for Plaintiff and Respondent.

-ooOoo-

The trial court, after an evidentiary hearing, granted James Wagner, Jr.'s request for a civil harassment restraining order against Daniel Ray Perkins.  Perkins appealed.  We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

On August 10, 2022, Wagner filed in the Tuolumne County Superior Court, a request for a civil harassment restraining order against Perkins, seeking protection for

himself and Carol Hadden, a friend who resided with Wagner.  Wagner alleged that he and Hadden feared "physical violence from Perkins."  Wagner and Perkins owned or lived on adjacent properties in Twain Harte.

Wagner's request for a civil harassment restraining order was made under Code of Civil Procedure section 527.6.[1]  The same day as Wagner filed his request, the court issued a temporary restraining order.  (See § 527.6, subd. (a)(1), (e).)  The matter was set for an evidentiary hearing.  (§ 527.6, subd. (i).)  However, the hearing was continued numerous times at Perkins's request, including for the unavailability of Perkins's counsel for medical reasons.

The parties had an underlying dispute over an alleged easement that Wagner used to access his property; the alleged easement crossed the property on which Perkins lived with his girlfriend.

While the evidentiary hearing on Wagner's restraining order request was pending, the parties reached a settlement as to their underlying dispute; however, the settlement did not endure and was set aside.

Thereafter, the evidentiary hearing on the pending civil harassment restraining order request was calendared.  The evidentiary hearing took place over three days: December 6, 2024, December 13, 2024, and January 10, 2025.

On February 14, 2025, following the evidentiary hearing, the trial court issued a three-year civil harassment restraining order after hearing, against Perkins and in favor of Wagner and Hadden.

Perkins appealed from the order.

---

[1] Subsequent statutory references are to the Code of Civil Procedure.

# DISCUSSION

## I.       Perkins Has Not Raised Any Cognizable Claims

Perkins's brief does not contain an argument section or any appropriately developed or cognizable arguments.

Wagner, in his responsive brief, emphasizes:  "[Perkins's] opening brief raises no cognizable legal error but relies on irrelevant criminal statutes and conclusory allegations."  Wagner also points out that Perkins has not cited relevant authorities or provided adequate record citations.  Wagner contends Perkins has forfeited any challenge to the trial court's issuance of the civil harassment restraining order after hearing. Wagner further asserts the "appeal is frivolous" and "sanctions should be considered."

We agree that Perkins has forfeited any challenge to the trial court's issuance of the civil harassment restraining order after hearing.  (*In re S.C.* (2006) 138 Cal.App.4th 396, 408 [" 'failure of [an] appellant to advance any pertinent or intelligible legal argument … constitute[s] an abandonment of the [claim of error]' "]; *Singh v. Lipworth* (2014) 227 Cal.App.4th 813, 817 [points asserted on appeal but not supported by " 'adequate factual or legal analysis' " are forfeited]; *A.G. v. C.S.* (2016) 246 Cal.App.4th 1269, 1281 [it is axiomatic that " ' "[a] judgment or order of the lower court is *presumed correct* … and error must be affirmatively shown" ' "].)  Accordingly, we affirm the court's order.

# DISPOSITION

The civil harassment restraining order after hearing is affirmed.  Wagner is awarded his costs on appeal.

                                        SNAUFFER, J.

WE CONCUR:


LEVY, Acting P. J.


DE SANTOS, J.