Filed 8/17/15

**CERTIFIED FOR PUBLICATION**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE INLAND OVERSIGHT COMMITTEE et al., | E058020 |
| Plaintiffs and Respondents, | (Super.Ct.No. CIVDS1201251) |
| v. | OPINION |
| COUNTY OF SAN BERNARDINO et al., | |
| Defendants; | |
| COLONIES PARTNERS, L.P., | |
| Defendant, Real Party in Interest, and Appellant. | |

APPEAL from the Superior Court of San Bernardino County. David Cohn, Judge.

Affirmed.

Arent Fox, Stephen G. Larson, Jerrold Abeles and Jonathan E. Phillips for

Defendant, Real Party in Interest and Appellant.

1

Briggs Law Corporation, Cory J. Briggs, Mekaela M. Gladden and Anthony N. Kim; Leibold McClendon & Mann and John G. McClendon, for Plaintiffs and Respondents.

Plaintiffs and respondents The Inland Oversight Committee (IOC) and Citizens for Responsible Equitable Environmental Development (CREED and, together with IOC, plaintiffs), are taxpayer organizations that have brought suit challenging a November 2006 settlement agreement between defendants County of San Bernardino and San Bernardino County Flood Control District (County)[1] and defendant, real party in interest, and appellant Colonies Partners, L.P. (Colonies and, together with County, defendants), pursuant to which County paid Colonies $102 million. Plaintiffs seek to have the settlement agreement declared void under state law governing conflicts of interests of government officials, and to force Colonies to disgorge any money already paid pursuant to the agreement.

Now pending before this court are Colonies' appeal of the denial of its special motion to strike the complaint as a strategic lawsuit against public participation (anti-SLAPP motion) pursuant to Code of Civil Procedure[2] section 425.16 (the anti-SLAPP statute), and two writ petitions, one brought by County, the other by Colonies, regarding the denial of their respective demurrers. This opinion addresses only Colonies' appeal;

[1] County is not party to this appeal.

[2] Further undesignated statutory references are to the Code of Civil Procedure.

2

we rule on the pending writ petitions in separate opinions, issued contemporaneously herewith.

In this appeal, Colonies contends that plaintiffs' single asserted cause of action, for violation of Government Code section 1090, falls within the scope of the anti-SLAPP statute's protections, and plaintiffs cannot demonstrate a probability of success on the merits, either because of one of three fatal pleading defects—lack of standing, the effect of the validation judgment, and the inapplicability of Government Code sections 1090 and 1092 to payments in satisfaction of a court judgment, all issues raised in Colonies' demurrer and its pending writ petition—or the lapse of the applicable statute of limitations. (County raises similar arguments regarding standing in its writ petition challenging the denial of its demurrer in *San Bernardino County et al. v. The Superior Court of San Bernardino County, The Inland Oversight Committee et al.*, No. E058359.) On that basis, Colonies argues that its anti-SLAPP motion should have been granted.

For the reasons stated below, we find plaintiffs' action is not subject to an anti-SLAPP motion, because it falls within the public interest exception to the anti-SLAPP statute provided in section 425.17. We therefore affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The November 2006 settlement agreement between County and Colonies, pursuant to which County paid Colonies $102 million, resolved a lawsuit brought by Colonies against County alleging that County had taken 67 acres of Colonies' land for

3

use as part of a regional flood-control facility.  That settlement was incorporated into a stipulated judgment, filed January 23, 2007.[3]

County satisfied its obligation under the settlement agreement and stipulated judgment by issuing judgment obligation bonds, pursuant to a resolution by the San Bernardino County Board of Supervisors.  Subsequently, County brought a validation action, and obtained a judgment, dated March 29, 2007, declaring the settlement agreement between Colonies and County, the inverse condemnation judgment, and the bonds issued to satisfy the inverse condemnation judgment to be "valid, legal and binding obligations of [County]."[4]

In 2010, the San Bernardino County District Attorney's Office filed a felony indictment accusing William Postmus, a former county supervisor, of (among other things) receiving bribes—disguised as contributions to political action committees (PACs)—from Colonies in exchange for his vote approving the settlement agreement.  In March 2011, Postmus pleaded guilty to various bribery-related charges.

In February 2012, plaintiffs filed the present action, and in April 2012, they filed the operative first amended complaint (complaint).  The complaint asserts a single cause of action for violation of Government Code section 1090.  Plaintiffs seek to have the settlement agreement between Colonies and County declared void as in violation of

---

[3]  Adopting the practice of the parties in their briefing, we will sometimes refer to this stipulated judgment as the "inverse condemnation judgment."

[4]  Again adopting the practice of the parties in their briefing, we will refer to the judgment issued in the validation action as the "validation judgment."

Government Code section 1090 because of Postmus's personal financial interest, to require Colonies to disgorge any monies received under the agreement, and to enjoin any transfer of monies Colonies received under the agreement.

In May 2012, Colonies filed its demurrer to the complaint, and in June 2012, filed its anti-SLAPP motion. The demurrer first came on for hearing in June 2012, but the matter was continued pending supplemental briefing. Both Colonies' demurrer and its anti-SLAPP motion were set for hearing on September 19, 2012; the trial court overruled Colonies' demurrer, but continued the hearing of Colonies' anti-SLAPP motion.[5] On October 15, 2012, the County filed its demurrer. Both Colonies' anti-SLAPP motion and County's demurrer were heard on December 13, 2012; the trial court overruled the demurrer and denied the anti-SLAPP motion.

## II. DISCUSSION

Plaintiffs contend their action is not subject to an anti-SLAPP motion because it is protected by the public interest exception to the anti-SLAPP statute, section 425.17, subdivision (b). Whether a lawsuit falls within the public interest exception is a "'threshold issue, and we address it prior to examining the applicability of section 425.16.'" (*People ex rel. Strathmann v. Acacia Research Corp.* (2012) 210 Cal.App.4th 487, 498 (*Strathmann*).) Applying the de novo standard of review (*Tourgeman v. Nelson*

---

[5] On the same date, the trial court also ruled on a motion to strike certain language from the complaint; that ruling is not at issue here.

& *Kennard* (2014) 222 Cal.App.4th 1447, 1458 (*Tourgeman*)), we agree that the public interest exception applies, so Colonies' anti-SLAPP motion was appropriately denied.

The Legislature "designed subdivision (b) of section 425.17 to prevent the use of the anti-SLAPP device against 'specified *public interest actions*,' among others. [Citation.]" (*Blanchard v. DIRECTV, Inc.* (2004) 123 Cal.App.4th 903, 913, original italics.) More specifically, the intent of the Legislature was to "'make the SLAPP motion inapplicable to public interest and class action lawsuits "brought solely in the public interest or on behalf of the general public" when three specified conditions are met.'" (*Ingels v. Westwood One Broadcasting Services, Inc.* (2005) 129 Cal.App.4th 1050, 1066 [quoting legislative history of § 425.17, subd. (b)].) Those three conditions are as follows: "(1) The plaintiff does not seek any relief greater than or different from the relief sought for the general public . . . [¶] (2) The action, if successful, would enforce an important right affecting the public interest, and would confer a significant benefit, whether pecuniary or nonpecuniary, on the general public or a large class of persons. [¶] (3) Private enforcement is necessary and places a disproportionate financial burden on the plaintiff in relation to the plaintiff's stake in the matter." (§ 425.17, subd. (b).) "If a plaintiff's lawsuit comes within section 425.17, subdivision (b), it is exempt from the anti-SLAPP statute, and thus, a trial court may deny the defendants' special motion to strike without determining whether the plaintiff's causes of action arise from protected activity, and if so, whether the plaintiff has established a probability of prevailing on

6

those causes of action under section 425.16, subdivision (b)(1)." (*Tourgeman*, *supra*, 222 Cal.App.4th at p. 1460.)

Here, plaintiffs contend, and Colonies has not disputed, that the first two parts of the section 425.17 analysis are satisfied. The parties do dispute whether the third part of the analysis is satisfied, focusing on the term "necessary." We agree with plaintiffs that the lawsuit is "necessary," as that term is used in section 425.17, subdivision (b)(3).

It is undisputed that no public entity has sought to enforce the rights plaintiffs seek to vindicate in their lawsuit. This fact alone is a sufficient basis to conclude the action is "necessary," within the meaning of the public interest exception. Colonies emphasizes that the County *could* bring an action to try to recover the $102 million in settlement payments, and is apparently still evaluating whether such an action would be appropriate. But the notion that an action is not necessary, and therefore does not qualify for the public interest exception, if there remains a possibility a public entity might bring an action for the same relief, is contrary to existing appellate authority. (E.g., *Tourgeman*, *supra*, 222 Cal.App.4th at p. 1460, 1464-1465 ["the *possibility* that a public entity might bring a lawsuit to vindicate certain rights does not demonstrate that a private plaintiff's action to vindicate such rights was not necessary where, as here, the public entity has not filed such a lawsuit"].) Colonies has neither cited any authority to the contrary—indeed, its arguments regarding the issue of the public interest exception are devoid of *any* citation to authority—nor articulated any persuasive reason why we should deviate from the authority cited above.

7

Colonies argues that "[p]laintiffs' claims are legally unsupported and time-barred," reasoning that "[p]rivate enforcement of meritless and time-barred claims could hardly be deemed 'necessary.'" The merits of plaintiffs' claims, however, are irrelevant to the present inquiry: Section 425.17 explicitly requires we assume the merits of the action in determining whether the public interest exception applies. (§ 425.17, subd. (b)(2) ["The action, *if successful*, would enforce an important right . . ."].) The relevant question is whether plaintiffs' complaint asserts the kind of claims and the kind of relief that the Legislature intended to exempt from the scope of the anti-SLAPP statute. (*Strathmann*, *supra*, 210 Cal.App.4th at p. 499 [whether public interest exception applies is determined by examining the nature of the allegations and the scope of relief sought in the complaint].) Similar reasoning requires we reject Colonies' arguments—again, unsupported by any legal authority, or any reasoning grounded in the text of the statutory scheme—based on the circumstance that plaintiffs did not present any evidence establishing that the action was necessary, such as evidence of a demand made on the County. (See *Tourgeman*, *supra*, 222 Cal.App.4th at p. 1466 [rejecting argument that evidence is required to establish public interest exception applies because "the applicability of the public interest exception is determined by examining the *complaint*"].)

Colonies also asserts that plaintiffs never addressed the issue of necessity in their briefing below, apparently suggesting, without quite stating, that plaintiffs forfeited the issue or at least failed to meet their burden of showing the applicability of the public

8

interest exception.  But a section of plaintiffs' opposition to Colonies' anti-SLAPP motion entitled "Private Enforcement Is Necessary, with Plaintiffs Bearing a Disproportionate Burden" (bolding omitted), begins with the following argument:  "As an initial matter, it is undisputed that there has been no public enforcement for the disgorgement of the money illegally paid under the $102 million agreement.  That is precisely what prompted Plaintiffs to bring this action."  While plaintiffs' briefing below (and in this court) could have been improved with a discussion of the applicable legal authority, the basic argument, grounded in an undisputed fact and the statutory language, was adequately made.

In short, we reject Colonies' arguments that plaintiffs failed to demonstrate that their action is "necessary" in the meaning of section 425.17, subdivision (b).  The public interest exception to the scope of the anti-SLAPP statute applies, and Colonies' anti-SLAPP motion was properly denied.

It bears emphasizing that our conclusion here is that plaintiffs' claims are the *kind* of claims the Legislature intended to exempt from the scope of the anti-SLAPP statute when it adopted section 425.17.  This conclusion is entirely independent from any evaluation of the merits of those claims, or even the adequacy of plaintiffs' pleadings. We address pleadings issues in our separate opinions ruling on defendants' pending writ petitions regarding the denials of their respective demurrers.  (*Colonies Partners, L.P. v. The Superior Court of San Bernardino County, The Inland Oversight Committee et al.,*

9

No. E058044, and *San Bernardino County et al. v. The Superior Court of San Bernardino County, The Inland Oversight Committee et al*., No. E058359.)

## III.  DISPOSITION

The trial court's order denying Colonies' anti-SLAPP motion is affirmed.

Plaintiffs are awarded their costs on appeal.

CERTIFIED FOR PUBLICATION


                                                         HOLLENHORST    
                                                                Acting P. J.

We concur:

    MCKINSTER          
                 J.

    MILLER          
                 J.