Filed 8/17/15

**CERTIFIED FOR PUBLICATION**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| COLONIES PARTNERS, L.P., | |
| Petitioner, | E058044 |
| v. | (Super.Ct.No. CIVDS1201251) |
| THE SUPERIOR COURT OF SAN BERNARDINO COUNTY, | OPINION |
| Respondent; | |
| THE INLAND OVERSIGHT COMMITTEE et al., | |
| Real Parties in Interest. | |

ORIGINAL PROCEEDINGS: petition for writ of mandate. David Cohn, Judge.

Petition granted.

Arent Fox, Stephen G. Larson and Jerrold Abeles for Petitioner.

Leibold McClendon & Mann and John G. McClendon for Real Parties in Interest.

Real parties in interest The Inland Oversight Committee (IOC) and Citizens for

Responsible Equitable Environmental Development (CREED and, together with IOC,

plaintiffs), are taxpayer organizations that have brought suit challenging a November

1

2006 settlement agreement between petitioner Colonies Partners, L.P. (Colonies) and defendants County of San Bernardino and San Bernardino County Flood Control District (County and, together with Colonies, defendants), pursuant to which County paid Colonies $102 million. Plaintiffs seek to have the settlement agreement declared void under state law governing conflicts of interests of government officials, and to force Colonies to disgorge any money already paid pursuant to the agreement.

Now pending before this court are Colonies' appeal of the denial of its special motion to strike the complaint as a strategic lawsuit against public participation (anti-SLAPP motion) pursuant to Code of Civil Procedure section 425.16 (the anti-SLAPP statute) and two writ petitions, one brought by County, the other by Colonies, regarding the denial of their respective demurrers. This opinion addresses only Colonies' writ petition; we rule on Colonies' appeal and County's writ petition in separate opinions, issued contemporaneously herewith.

In its petition, Colonies contends the trial court erred by overruling its demurrer, because plaintiffs' complaint suffers from three fatal pleading defects: (1) lack of standing, (2) the effect of a 2007 validation judgment, and (3) the inapplicability of Government Code, sections 1090 and 1092 to payments in satisfaction of a court judgment. For the reasons discussed below, we agree with Colonies that the demurrer should have been sustained without leave to amend based on plaintiffs' lack of standing and the effect of the validation judgment; we decline to reach the merits of the third issue.

## I. FACTS AND PROCEDURAL BACKGROUND[1]

The November 2006 settlement agreement between County and Colonies, pursuant to which County paid Colonies $102 million, resolved a lawsuit brought by Colonies against County alleging that the County had taken 67 acres of Colonies' land for use as part of a regional flood-control facility. That settlement was incorporated into a stipulated judgment, filed January 23, 2007.[2]

The County satisfied its obligation under the settlement agreement and stipulated judgment by issuing judgment obligation bonds, pursuant to a resolution by the San Bernardino County Board of Supervisors. Subsequently, County brought a validation action, and obtained a judgment, dated March 29, 2007, declaring the settlement agreement between Colonies and the County, the inverse condemnation judgment, and the bonds issued to satisfy the inverse condemnation judgment to be "valid, legal and binding obligations of [County]."[3]

In 2010, the San Bernardino County District Attorney's Office filed a felony indictment accusing William Postmus, a former county supervisor, of (among other things) receiving bribes—disguised as contributions to political action committees

---

[1] The following factual and procedural summary of the case is taken verbatim from our opinion in *The Inland Oversight Committee et al. v. County of San Bernardino et al.; Colonies Partners, L.P.*, No. E058020, regarding Colonies' appeal of the denial of its anti-SLAPP motion.

[2] Adopting the practice of the parties in their briefing, we will sometimes refer to this stipulated judgment as the "inverse condemnation judgment."

[3] Again adopting the practice of the parties in their briefing, we will refer to the judgment issued in the validation action as the "validation judgment."

(PACs)—from Colonies in exchange for his vote approving the settlement agreement. In March 2011, Postmus pleaded guilty to various bribery-related charges.

In February 2012, plaintiffs filed the present action, and in April 2012, they filed the operative first amended complaint (complaint). The complaint asserts a single cause of action for violation of Government Code section 1090. Plaintiffs seek to have the settlement agreement between Colonies and County declared void as in violation of Government Code section 1090 because of Postmus's personal financial interest; to require Colonies to disgorge any monies received under the agreement; and to enjoin any transfer of monies Colonies received under the agreement.

In May 2012, Colonies filed its demurrer to the complaint, and in June 2012, filed its anti-SLAPP motion. The demurrer first came on for hearing in June 2012, but the matter was continued pending supplemental briefing. Both Colonies' demurrer and its anti-SLAPP motion were set for hearing on September 19, 2012; the trial court overruled Colonies' demurrer, but continued the hearing of Colonies' anti-SLAPP motion.[4] On October 15, 2012, the County filed its demurrer. Both Colonies' anti-SLAPP motion and County's demurrer were heard on December 13, 2012; the trial court overruled the demurrer and denied the anti-SLAPP motion.

## II.  DISCUSSION

In our opinion in *San Bernardino County et al. v. The Superior Court of San Bernardino County; The Inland Oversight Committee et al*., No. E058359, ruling on

---

[4] On the same date, the trial court also ruled on a motion to strike certain language from the complaint; that ruling is not at issue here.

County's petition for writ of mandate, we discuss the issue of plaintiffs' standing to sue at some length. We need not repeat that discussion again here, and only restate our conclusion: Plaintiffs' complaint does not allege adequate facts to demonstrate they have standing as taxpayers to bring the claim they have asserted, whether under Code of Civil Procedure section 526a or the common law regarding taxpayer standing, or as a suit brought, as plaintiffs put it, "directly under [Government Code] Section 1090." (Opinion, case No. E058359). For all the same reasons that County's demurrer should have been sustained, Colonies' demurrer should have been sustained as well.

In addition to the issue of standing, however, Colonies also raised in its demurrer, and raises in the petition at bar, the effect of the 2007 validation judgment obtained by County. The issue is not moot, because it bears on whether we should direct the trial court to consider in the first instance the question of granting or denying plaintiffs leave to amend, or whether we should direct the trial court to enter an order sustaining defendants' demurrers without leave to amend. Even assuming plaintiffs could amend their complaint to survive demurrer on the basis of standing, it would be futile to allow them to do so if their claim is barred by the effect of the validation judgment, as Colonies contends. (*Singh v. Lipworth* (2014) 227 Cal.App.4th 813, 828 ["leave to amend may be denied where permitting an amendment would be futile"].) For the reasons discussed below, we find that the validation judgment does indeed bar plaintiffs' only cause of action, even if we were to assume they could amend to sufficiently plead standing. As such, leave to amend is properly denied.

5

Code of Civil Procedure section 860 authorizes a public agency to bring a validation action. It provides that "A public agency may upon the existence of any matter which under any other law is authorized to be determined pursuant to this chapter, and for 60 days thereafter, bring an action . . . to determine the validity of such matter." (Code Civ. Proc., § 860.) The relevant "other law" in this case is Government Code section 53511, which states: "A local agency may bring an action to determine the validity of its bonds, warrants, contracts, obligations or evidences of indebtedness pursuant to [section 860 et seq.]." (Gov. Code, § 53511.) The summons is directed "to 'all persons interested in the matter'" of the validation action (Code Civ. Proc., § 861.1), and notice is given by publication, and any other notice ordered by the court. (Code Civ. Proc., § 861.) "Any party interested may, not later than the date specified in the summons, appear and contest the legality or validity of the matter sought to be determined." (Code Civ. Proc., § 862.)

"[A] validation action differs from traditional actions challenging a public agency decision; its effect binds the agency and all other persons." (*Friedland v. City of Long Beach* (1998) 62 Cal.App.4th 835, 843.) Moreover, "[t]he validation judgment is conclusive." (*Id.* at p. 844.) Pursuant to Code of Civil Procedure section 870, "[t]he judgment, if no appeal is taken, or if taken and the judgment is affirmed, shall, notwithstanding any other provision of law including, without limitation, [Code of Civil Procedure] Sections 473 and 473.5, thereupon become and thereafter be forever binding and conclusive, as to all matters therein adjudicated or which at that time could have been adjudicated, against the agency and against all other persons, and the judgment shall permanently enjoin the institution by any person of any action or proceeding raising any

6

issue as to which the judgment is binding and conclusive." (Code Civ. Proc., § 870, subd. (a).) The focus of our inquiry, therefore, is whether plaintiffs are attempting to litigate matters that were, or that could have been, adjudicated in the validation action.

They are. Plaintiffs allege and argue that the settlement agreement "could not have been and was not a proper subject of validation in any judicial proceeding pursuant to [Code of Civil Procedure] Section 860 et seq." And the gravamen of their complaint is that the settlement agreement is void because it was made in violation of Government Code section 1090. However, the validity of the settlement agreement and whether the settlement agreement is a proper subject of validation are matters that could have been litigated in the validation action. Indeed, they are matters that *were* litigated in the validation action: The validation judgment states: "The Settlement Agreement is a contract that is subject to validation under California Code of Civil Procedure Section 860 et seq." It also declares the settlement agreement to be one of several "valid, legal and binding obligations of [County]." Further, the judgment "binds and permanently enjoins and restrains all persons or entities, public or private, from the institution of any action or proceeding or maintaining any action or proceeding challenging, inter alia, the validity of the Settlement Agreement . . . ."

*Fontana Redevelopment Agency v. Torres* (2007) 153 Cal.App.4th 902 (*Fontana*), a case that plaintiffs cite repeatedly in their briefing, is instructive. In *Fontana*, this court considered whether a settlement agreement between a city redevelopment agency and the California Department of Housing and Community Development, following an audit of the city's affordable housing efforts by the department, was properly the subject of a

7

validation action, deciding that question in the negative and reversing a trial court ruling to the contrary. (*Id.* at pp. 907-911.) *Fontana*, however, unlike the present case, involved an appeal taken from a validation judgment, not a subsequent collateral attack on a prior validation judgment. (*Id.* at p. 905.) Here, the ruling that the settlement agreement was properly the subject of a validation action became "forever binding and conclusive" when the validation judgment became final, as did the validation judgment's permanent injunction against any challenge to the validity of the settlement agreement. (Code Civ. Proc., § 870, subd. (a).)

Plaintiffs argue that "prior validation does not preclude a subsequent challenge when new facts are discovered," based on the circumstance that the facts underlying their challenge to the settlement agreement—namely, those underlying Mr. Postmus's 2010 indictment and 2011 conviction—were not publicly known at the time of the 2007 validation action. We disagree, however, that the case law plaintiffs cite supports the notion that matters validated in a validation judgment may nevertheless be collaterally challenged on the basis of later discovered facts. In *Fontana*, the plaintiffs did *not* challenge any matter that had previously been validated, but rather a later bond issuance purporting to implement, but in fact violating the terms of, a previously validated redevelopment plan. (*Fontana*, *supra*, 153 Cal.App.4th at p. 913.) Similarly, the plaintiffs in *Starr v. City and County of San Francisco* (1977) 72 Cal.App.3d 164 challenged a later "repayment contract and project lease entered into ostensibly 'pursuant to'" a previously validated financing agreement and settlement agreement, but which contained "terms so new and materially different" that the court found they were not and

8

could not have been considered as part of the validation proceedings. (*Id.* at p. 178-179.) Here, in contrast, plaintiffs seek to collaterally attack precisely the agreement that was one of the subjects of the previous validation proceedings, on the basis of later discovered facts. Plaintiffs' approach runs squarely afoul of the principle that a validation judgment, once any appeals are exhausted, is "forever binding and conclusive." (Code Civ. Proc., § 870, subd. (a).)

In short, the claim that plaintiffs seek to assert is barred by the effect of the 2007 validation judgment. As such, even if they could amend their complaint to adequately allege standing, to allow them to do so would be futile, so it would not be appropriate to allow them leave to amend. Because the effect of the validation judgment is dispositive, we need not and do not address the parties' arguments regarding the applicability or inapplicability of Government Code sections 1090 and 1092 to payments in satisfaction of a court judgment.

### III. DISPOSITION

The petition for writ of mandate is granted. Let a peremptory writ of mandate issue, directing the Superior Court of San Bernardino County to vacate its order overruling petitioner's demurrer, and to enter a new order sustaining the demurrer without leave to amend.

Petitioner is directed to prepare and have the peremptory writ of mandate issued, copies served, and the original filed with the clerk of this court, together with proof of service on all parties. Petitioner shall recover its costs, if any.

CERTIFIED FOR PUBLICATION

HOLLENHORST
Acting P. J.

We concur:

MCKINSTER
J.

MILLER
J.