Filed 6/2/23  Lei v. Yan CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| CRYSTAL LEI, et al., | |
| Plaintiffs and Respondents, | A164796 & A165373 |
| v. | |
| TINA YAN, | (San Francisco City & County Super. Ct. No. CGC-14-565831) |
| Defendant and Appellant. | |

For nearly a decade, plaintiffs Crystal Lei and Bryant Fu (collectively plaintiffs) have sought redress for disbarred attorney Demas Yan's pattern of filing meritless litigation against them, and his efforts — with the assistance of his mother Tina Yan — to avoid paying his creditors.[1] Plaintiffs have been impeded by Tina's litigation gamesmanship. Here, Tina challenges the trial court's second amended judgment awarding plaintiffs injunctive and monetary relief on their cause of action for "constructive fraud, conspire to defraud, and fraudulent transfers" brought pursuant to the Uniform Voidable

---

[1] We refer to family members sharing a surname by first name, intending no disrespect. Demas — who is not a party to this appeal — is mentioned only where necessary.

1

Transactions Act (UVTA; Civ. Code, § 3439 et seq.; undesignated statutory references are to this code).

We affirm. On our own motion, we impose sanctions of $8,500 against Tina and her counsel, William Leeds Disston, Jr., for filing a frivolous appeal.

## BACKGROUND

Plaintiffs' dispute with Demas and his family members has a lengthy history.[2] It originates in part from a judgment obtained by Charles Li in a professional negligence lawsuit against Demas, and Li's subsequent discovery that Demas had transferred residential property located on 23rd Avenue in San Francisco (the property) to various limited liability companies and to family members to thwart Li's efforts to enforce the judgment. In 2014, Li filed a complaint to set aside the transfers for actual and constructive fraud, and he obtained a judgment against several defendants — including Demas, Tina, and Demas's father, Cheuk Tin Yan — setting aside the transfers and declaring Demas the sole owner of all legal and equitable title or interest in the property (*Li* action). This court affirmed the judgment, holding there was no evidence Demas's parents gave their son reasonably equivalent value in exchange for an ownership interest in the property. (*Li*, *supra*, A149849.)

---

[2] Our factual summary is not intended to be exhaustive. We incorporate by reference our decisions in three unpublished opinions in prior appeals arising out of Demas and Tina's conduct: *Li v. Chiu* (May 31, 2018, A149849) (*Li*), *Lei v. Yan* (Mar. 29, 2021, A158641) (*Lei I*), and *Li v. Chiu* (Aug. 1, 2022, A163866). Having done so, we deny as moot Tina's request for judicial notice of the *Li* opinion. Tina has been declared a vexatious litigant. She has filed at least eight appeals and one writ petition in this court, all of which have been decided adversely to her.

In 2014, plaintiffs filed a lawsuit against Demas and several others, including Demas's parents and 547 Investments, LLC.[3] The complaint alleged a cause of action for malicious prosecution — premised on Demas's pattern of filing frivolous and meritless litigation against plaintiffs — and a claim for "constructive fraud, conspire to defraud, and fraudulent transfers" under the UVTA. The UVTA claim alleged Demas knew his lawsuits against plaintiffs "would fail" and "final judgments adverse to [him] would eventually be issued," so he and codefendants engaged in a conspiracy to defraud plaintiffs by "shifting and secreting assets among themselves" and effectuating a fraudulent transfer of the property. The UVTA cause of action also alleged the "conspiracy to defraud claim [was] predicated upon the claim for fraudulent transfer" and that "a person other than the debtor or transferee who conspires with others to effectuate a fraudulent transfer may be held jointly liable for the creditor's damages." Plaintiffs sought injunctive and monetary relief.

At a 2019 bench trial — at which Tina did not appear — the trial court found for plaintiffs on their malicious prosecution claim. On the UVTA claim, however, the court determined plaintiffs had not proven codefendants transferred the property with the intent to hinder, delay, or defraud Demas's creditors; the court also concluded the doctrine of collateral estoppel did not apply based on the *Li* action because it was not clear whether identical factual issues were at stake in both proceedings. The court entered judgment for plaintiffs on their malicious prosecution claim and for codefendants on the UVTA claim. Plaintiffs appealed.

---

[3] We collectively refer to Demas's parents and 547 Investments, LLC as codefendants.

3

We reversed the judgment for codefendants on the UVTA cause of action and remanded "the matter for further consideration of plaintiffs' remedies under the UVTA." (*Lei I*, *supra*, A158641.) We concluded codefendants were collaterally stopped from contesting liability on the UVTA claim pursuant to the judgment in the *Li* action. (*Lei I*, A158641.) In reaching this conclusion, we rejected codefendants' argument that the issues were not identical because the property transfer had been set aside in the *Li* action, "and hence, the codefendants no longer possessed the property for purposes of plaintiffs' UVTA claim." (*Ibid.*) This contention, we explained, erroneously conflated "the *disposition* of the *Li* action with the *issues* in common between that action and the instant matter." (*Ibid.*)

Additionally, we held the voidance of the transfer did not entitle codefendants to judgment on the UVTA claim, noting the "UVTA provides for transferee liability, subject to good faith transferee protections that the codefendants failed to satisfy in the *Li* action." (*Lei I*, *supra*, A158641.) We explained that "plaintiffs, as tort claimants harmed by [Demas's] meritless prosecutions . . . , were 'creditors' within the meaning of the UVTA," and that when Demas and codefendants transferred the "property . . . to defraud [his] creditors, this adversely impacted the claims of Li and plaintiffs." (*Ibid.*) Additionally, we determined the "voidance" of the property transfer did not preclude plaintiffs from obtaining "other relief under the UVTA." (*Ibid.*)

As we observed, "[r]emedies under the UVTA include not only avoidance of a fraudulent transfer, but an attachment or other provisional remedy against the transferred asset, appointment of a receiver to take charge of the transferred asset or other property of the transferee, and— particularly relevant here—'[a]n injunction against further disposition by the debtor or a transferee, *or both*, of the asset transferred.' The phrase 'or both'

4

necessarily means that some form of injunctive relief remains available against both the debtor and transferee regardless of who currently holds the transferred asset, and plaintiffs here specifically requested injunctive relief as a remedy for the fraudulent transfer." (*Lei I*, *supra*, A158641, internal citations omitted.)

We continued: "Because the codefendants were precluded from relitigating their transferee liability under the UVTA regarding the . . . property, the judgment against plaintiffs was in error." Thus, we reversed the judgment in favor of codefendants and remanded the matter for "further consideration of plaintiffs' remedies under the UVTA." We noted there was some uncertainty whether the property was in foreclosure, and we left "it to the trial court on remand to determine appropriate further relief, if any, based on the status" of the property. (*Lei I*, *supra*, A158641.) As relevant here, our disposition reversed the judgment for codefendants on plaintiffs' UVTA claim and remanded the matter "for further proceedings consistent with this opinion." (*Lei I*, A158641.)

On remand, the trial court held an uncontested remedies phase court trial at which Tina did not appear despite receiving proper notice. Thereafter, plaintiffs submitted a proposed statement of decision and judgment. Tina filed no objections. In December 2021, the trial court issued a statement of decision concluding Demas and his family members had harassed plaintiffs with frivolous litigation and "played a shell game with [Demas's] assets to avoid paying his substantial debts." The statement of decision outlined the basis for holding codefendants liable for fraud, conspiracy to defraud, and fraudulent transfer of the property, and it concluded plaintiffs were entitled to injunctive and monetary relief.

5

Thereafter, the court issued — and twice amended — a judgment awarding plaintiffs injunctive and monetary relief, as well as attorney fees and costs.

Tina appealed from the second amended judgment.[4] We notified the parties we were considering imposing monetary sanctions against Tina and/or her counsel for filing a frivolous appeal or appealing solely to cause delay; we gave Tina an opportunity to file written opposition and to address the issue of sanctions at oral argument. (Cal. Rules of Court, rule 8.276(c)–(e); all rule references are to the Rules of Court.)

## DISCUSSION

Tina challenges the second amended judgment on several grounds. Her contentions are either forfeited, barred by the law of the case doctrine, or meritless. We conclude monetary sanctions should be imposed against Tina and her counsel for filing a totally meritless appeal — the latest chapter in a lengthy tome of dubious litigation.

## I.

Tina first contends the second amended judgment is "inconsistent with the remittitur" issued by this court in *Lei I*. "A reviewing court has authority to affirm, reverse, or modify any judgment or order appealed from, and may direct the proper judgment or order to be entered, or direct a new trial or further proceedings to be had. [Citation.] The order of the reviewing court is contained in its remittitur, which defines the scope of the jurisdiction of the court to which the matter is returned. [Citations.] The trial court is empowered to act only in accordance with the direction of the reviewing

---

[4] Tina filed two notices of appeal. We consolidated the appeals. The notices of appeal identify several orders — including the denial of her motion for new trial — but her appellate briefing challenges only the second amended judgment. Thus, we limit our review to the operative judgment. (See *Nagel v. Westen* (2021) 59 Cal.App.5th 740, 752 (*Nagel*).)

court; action which does not conform to those directions is void." (*Ruegg & Ellsworth v. City of Berkeley* (2023) 89 Cal.App.5th 258, 264 (*Ruegg*), internal quotation marks omitted.)

On remand, the issues the trial court may address are "limited to those specified in the reviewing court's directions . . . . [Citation.] Any material variance from the directions is unauthorized and void." (*Ruegg, supra,* 89 Cal.App.5th at p. 264, internal quotation marks omitted.) In addition to following the reviewing court's remittitur, the court must comply with the law of the case doctrine, which provides that an appellate court's decision "stating a rule of law necessary to the decision . . . conclusively establishes that rule and makes it determinative of the rights of the same parties in any subsequent retrial or appeal in the same case." (*Rincon EV Realty LLC v. CP III Rincon Towers, Inc.* (2019) 43 Cal.App.5th 988, 997 (*Rincon*), internal quotation marks omitted.) "We review de novo a claim that the trial court did not follow the directions contained in the dispositional language of our previous opinion. [Citation.] We look to the wording of our directions, read in conjunction with the opinion as a whole." (*Ruegg*, at p. 264.)

According to Tina, the remittitur in *Lei I* did not authorize the trial court to find her liable for conspiracy on plaintiffs' UVTA claim. She is wrong. In *Lei I*, we concluded codefendants were collaterally stopped from contesting liability on plaintiffs' cause of action for "constructive fraud, conspire to defraud, and fraudulent transfers" brought under the UVTA — a claim we described as alleging codefendants engaged in a "conspiracy to defraud plaintiffs and other creditors" by effectuating a fraudulent transfer of the property — and we held the trial court erred by entering judgment against plaintiffs on that claim. (*Lei I, supra,* A158641.) Accordingly, we reversed the judgment in favor of codefendants and remanded the matter for

7

"further consideration of plaintiffs' remedies under the UVTA." Our disposition reversed the judgment for codefendants on the UVTA claim and remanded the matter "for further proceedings consistent with this opinion." (*Lei I*, A158641.)

A common sense reading of our disposition — together with the opinion as a whole — demonstrates the trial court was *required* to enter judgment for plaintiffs on their UVTA claim. It is of no moment that our opinion did not explicitly direct the trial court to determine Tina's conspiracy liability. An appellate court "need not expressly comment on every matter intended to be covered by the disposition. . . . 'It is unnecessary and inappropriate for an appellate court to attempt to envision and to set forth in detail the entire universe of matters prohibited by its directions on remand.' " (*Ducoing Management, Inc. v. Superior Court* (2015) 234 Cal.App.4th 306, 313.) Our opinion "cannot reasonably be read as contemplating . . . that the [conspiracy] issues would simply drop out of the case without resolution." (*Ruegg, supra,* 89 Cal.App.5th at p. 270.) Tina's superficial reliance on *Hampton v. Superior Court* (1952) 38 Cal.2d 652 is unpersuasive. (See *Ruegg,* at p. 265.)

Tina also insists the remittitur did not authorize the trial court "to retry the conspiracy claim," but she fails to acknowledge conspiracy is not an independent tort, but " 'a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration. [Citation.] By participation in a civil conspiracy, a coconspirator effectively adopts as his or her own the torts of other coconspirators within the ambit of the conspiracy.' " (*Filip v. Bucurenciu* (2005) 129 Cal.App.4th 825, 837 (*Filip*).) Here, the complaint's "conspiracy allegations served to bolster and

8

explain" the UVTA claim.  (*Filip*, at p. 838.)  And Tina does not contend the evidence was insufficient to support the court's conspiracy findings.

Tina offers a similar argument regarding the award of monetary damages in the second amended judgment — she contends the remittitur "did not state that a money judgment under the UVTA [was] available."  We reject this narrow and inaccurate view of the remittitur for the reasons stated *ante*.  (See *Ruegg*, *supra*, 89 Cal.App.5th at p. 268.)  In sum, we conclude the trial court did not exceed the scope of our remand instructions by concluding Tina conspired with Demas and others to defraud plaintiffs and thereafter considering available remedies.  (*Id.* at pp. 268–270; *Rincon*, *supra*, 43 Cal.App.5th at pp. 997–1000.)

She next asserts the trial court erred by entering judgment for plaintiffs because the property is not an "asset" within the meaning of the UVTA.  A fraudulent transfer claim requires, among other things, a transfer an of "asset" as defined in the UVTA; property "encumbered by a valid lien" is not an "asset."  (*Nagel*, *supra*, 59 Cal.App.5th at pp. 748–749; § 3439.01, subds. (a) [defining "asset"], (g) [defining "lien"].)  According to Tina, the property "could not produce any net recovery for plaintiffs" because it is encumbered by two senior liens — a deed of trust executed by Demas's wife and the judgment lien obtained by Li.  This argument is forfeited, as Tina neither raised this issue at the remedies phase retrial — indeed she failed to appear, despite proper notice — nor objected to plaintiffs' proposed statement of decision and judgment.  (See *Bell v. Am. Title Ins. Co.* (1991) 226 Cal.App.3d 1589, 1602; *Mattco Forge, Inc. v. Arthur Young & Co.* (1997) 52 Cal.App.4th 820, 847.)  We are unpersuaded by her contention, unsupported by authority (and made for the first time at oral argument) that she preserved the issue by raising it in her new trial motion.  In her appellate

9

briefing, she has neither described the arguments made in her new trial motion nor challenged the denial of that motion.

"Only when the issue presented [on appeal] involves purely a legal question, on an *uncontroverted record and requires no factual determinations*, is it appropriate to address new theories." (*Mattco Forge, supra*, 52 Cal.App.4th at p. 847.) Not so here. Deciding whether the property is encumbered by a "valid lien" and whether it can produce "net recovery for plaintiffs" require factual determinations. (See *Filip, supra*, 129 Cal.App.4th at p. 835 [evidence supported inference that property was an asset under the UVTA]; *Mehrtash v. Mehrtash* (2001) 93 Cal.App.4th 75, 81 [reciting evidence offered to prove property was encumbered by judgment liens].) And here, the record is not uncontroverted, as plaintiffs disagree with Tina's valuation of the property, dispute the validity of the deed of trust, and assert her argument relies on documents outside the appellate record. Additionally, Tina's argument is at odds with our decision in *Lei I*, where we held codefendants were collaterally stopped from contesting liability on plaintiffs' UVTA claim. (*Lei I, supra*, A158641.) Whether property is an "asset" is an essential element of a UVTA cause of action. (*Mehrtash*, at pp. 81–82.)

Third, Tina asserts the trial court erred by awarding injunctive relief because she has no "interest [in] or control over the property." As plaintiffs correctly point out, this contention is barred by the law of the case doctrine. (*Broadcast Music, Inc. v. Structured Asset Sales, LLC* (2022) 75 Cal.App.5th 596, 604.) In *Lei I*, Tina asserted plaintiffs were not entitled to judgment on their UVTA claim because "codefendants no longer possessed the property." (*Lei I, supra*, A158641.) We rejected this argument and held "some form of injunctive relief remains available against both the debtor and transferee regardless of who currently holds the transferred asset, and plaintiffs here

specifically requested injunctive relief as a remedy for the fraudulent transfer." (*Ibid.*) Thus, we necessarily determined injunctive relief was within the universe of remedies available to plaintiffs on remand. In her reply brief, Tina does not substantively or persuasively argue otherwise. (See *Rudick v. State Bd. of Optometry* (2019) 41 Cal.App.5th 77, 89–90.) Moreover, the assertion is plainly meritless, as it is well settled courts have discretion under the UVTA "in fashioning relief to remedy defendants' fraudulent conduct" and are empowered to award any " 'other relief the circumstances may require.' " (*Filip*, *supra*, 129 Cal.App.4th at p. 840, quoting § 3439.07, subd. (a)(3)(C); *Nagel*, *supra*, 59 Cal.App.5th at p. 748 [UVTA's remedies may be supplemented "with any others available at law or in equity"].)

Tina's final argument is the UVTA does not authorize a money judgment because the property was "restored to its prior position before the transfer." We disagree. "Ordinarily, the creditor's remedy against the transferee is limited to subjecting the property to the satisfaction of [the creditor's] claim, and [the creditor] is not entitled to a money judgment. If, however, the transferee knowingly participated in the conveyance with the purpose or intention of defrauding the transferor's creditors, or if the property is not available for the purpose of subjecting it to the creditor's claim, as where the transferee has sold or disposed of the property or where [the transferee] refuses to surrender possession of it after the conveyance is declared void, a personal judgment may be rendered against [the transferee] to compensate the creditor for the loss [the creditor] has thereby sustained." (16A Cal.Jur.3d (2023) Creditors' Rights and Remedies, § 401, fns. & cases cited therein omitted.) Under the circumstances present here — including

11

codefendants' conduct and uncertainty about the property's status —
plaintiffs were entitled to a money judgment against Tina.

To be sure, a creditor cannot obtain a double recovery for the same
harm. (See *Renda v. Nevarez* (2014) 223 Cal.App.4th 1231, 1234, 1238–
1239.) Here, the trial court's statement of decision instructed that "[t]o
prevent unjust enrichment (double recovery) to Plaintiffs, all collections on
this money judgment will go to satisfaction of the underlying judgments and
awards" against Demas. Tina's lengthy recitation of the statutory scheme
does not alter our conclusion. And her reliance on *Kelleher v. Kelleher*
(N.D.Cal. Sept. 29, 2015, No. 13-cv-05450-MEJ) 2015 U.S.Dist. Lexis 131723
is misplaced as the case is distinguishable; moreover, we are not bound by
lower federal court decisions. (See *In re Boyette* (2013) 56 Cal.4th 866, 881.)

Tina's other contentions are unavailing. For example, she claims the
monetary judgment is "void or voidable." We reject this argument for the
reasons stated in our decisions in two of Tina's prior appeals, including *Yan
v. Hearst* (Sept. 1, 2021, A161732) [nonpub. opn.] and *Li v. Chiu*, *supra*,
A163866. At various points in her opening brief, she also asserts the trial
court erred by awarding attorney fees to plaintiffs. We decline to address this
point as it is neither under its own heading in her opening brief nor
supported by persuasive authority. (*Hernandez v. First Student, Inc.* (2019)
37 Cal.App.5th 270, 279.)

## II.

We conclude sanctions should be imposed against Tina and her counsel
for filing a frivolous appeal.

"An appeal is frivolous when it is prosecuted for an improper motive—
to harass the respondent or delay the effect of an adverse judgment—or when
it indisputably has no merit. [Citation.] Courts impose a penalty for a

frivolous appeal for two basic reasons: to discourage further frivolous appeals, and to compensate for the loss that results from the delay." (*In re Marriage of Deal* (2022) 80 Cal.App.5th 71, 79 (*Deal*), internal quotation marks omitted; *In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650.) To determine whether an appeal is frivolous, courts apply an objective standard — which evaluates the appeal's merits — and a subjective standard — which analyzes the appellant's and counsel's motives. (*Malek Media Group LLC v. AXQG Corp.* (2020) 58 Cal.App.5th 817, 834 (*Malek*).) "A finding of frivolousness may be based on either standard by itself, but the two tests are ordinarily used together, with one sometimes providing evidence relevant to the other." (*Ibid.*) "An appeal is objectively frivolous when a reasonable person would 'agree that the appeal is completely devoid of merit.' " (*Deal*, at p. 80.) An appeal is subjectively "frivolous when it is prosecuted for an improper motive . . . . A complete lack of merit is evidence that the appellant brought the appeal for the purpose of delay." (*Ibid.*, internal quotation marks omitted.)

Both standards are met here. First, the appeal is objectively frivolous. As we have explained, Tina did not appear at the remedies phase retrial, and she did not object to plaintiffs' proposed statement of decision and judgment; thus, at least one of her appellate contentions is forfeited. Her other arguments are barred by the law of the case doctrine or "devoid of factual or legal support." (*Malek, supra*, 58 Cal.App.5th at p. 835.) Her briefs consist chiefly of summary recitation of the UVTA, with little analysis or citation to relevant caselaw. (*Malek*, at p. 836.) And in apparent disregard of our prior warning that relitigating issues decided against her in subsequent appeals may subject her to sanctions, Tina proffered an argument twice rejected by this court. (See, e.g., *Li v. Chiu, supra*, A163866.) Her opposition makes no

13

effort to validate her challenge to the scope of the remand instructions or her contention that the trial court erred by awarding injunctive relief. Under these circumstances, any reasonable person would agree " 'the appeal is completely devoid of merit.' " (*Deal, supra,* 80 Cal.App.5th at p. 80.) The appeal is also subjectively frivolous. Tina's history of unsuccessful appellate litigation — together with this appeal's indisputable lack of merit — demonstrates she has appealed solely to delay enforcement of the second amended judgment. (*J.B.B. Investment Partners Ltd. v. Fair* (2019) 37 Cal.App.5th 1, 20; *Harris v. Sandro* (2002) 96 Cal.App.4th 1310, 1316.)

We conclude sanctions should be imposed against Tina and her counsel for filing this frivolous appeal. (*J.B.B. Investment Partners Ltd. v. Fair, supra,* 37 Cal.App.5th at p. 20.) Sanctions against a "party are appropriate when the record indicates the party benefitted from the delay or was otherwise involved in the bad faith conduct." (*Malek, supra,* 58 Cal.App.5th at p. 837.) Sanctions against counsel "are appropriate when . . . counsel had a professional obligation not to pursue the appeal or should have declined the case outright." (*Ibid.*) Tina initiated this totally meritless appeal by filing the notices of appeal herself; her counsel filed briefs lacking "legal foundation" and raising arguments rejected in a prior appeal. (*Id.* at p. 836.) Tina and her counsel are therefore "equally culpable for pursuing this frivolous . . . appeal." (*Id.* at p. 837.)

We impose sanctions of $8,500 "to compensate the court for the costs associated with processing, reviewing and considering the appeal." (*Malek, supra,* 58 Cal.App.5th at p. 837; *Singh v. Lipworth* (2014) 227 Cal.App.4th 813, 830 [cost to process "an appeal that results in an opinion has been estimated to be approximately $8,500"].) We find this amount appropriate.

14

This opinion constitutes a written statement of our reasons for imposing sanctions. (See *In re Marriage of Flaherty, supra*, 31 Cal.3d at p. 654.)

## DISPOSITION

The second amended judgment is affirmed. Plaintiffs are entitled to costs on appeal. (Rule 8.278(a)(2).) On the court's own motion, Tina and her counsel of record, William Leeds Disston, Jr. of Casalina & Disston are assessed $8,500 in sanctions for bringing this frivolous appeal, payable to the clerk of this court no later than 30 days after the remittitur issues. This obligation is joint and several. The clerk of this court and Disston, Jr. are each directed to forward a copy of this opinion to the State Bar of California upon issuance of the remittitur. (Bus. & Prof. Code, §§ 6086.7, subd. (a)(3), 6068, subd. (*o*)(3).) This opinion serves as notice to counsel that the matter of the sanctions imposed has been referred to the State Bar. (Bus. & Prof. Code, § 6086.7, subd. (b).)

_____
Rodríguez, J.

WE CONCUR:


_____
Fujisaki, Acting P. J.


_____
Petrou, J.

A164796 & A165373

16