Filed 12/26/23  Conservatorship of Parks CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| Conservatorship of the Estate of BESSIE RUTH PARKS, Deceased. | |
| RIVERSIDE COUNTY PUBLIC GUARDIAN, | E078069 |
| Petitioner and Respondent, | (Super. Ct. No. RIP1501062) |
| v. | OPINION |
| REGINALD MICKENS, | |
| Objector and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Thomas H. Cahraman, Judge.  Affirmed.

Reginald Mickens, in pro. per., for Objector and Appellant.

Gregg M. Gu, Deputy County Counsel, for Petitioner and Respondent.

1

# I.

# INTRODUCTION

Appellant, Reginald Mickens, proceeding in pro. per., appeals a probate court's order concerning the estate of his mother, Bessie Parks. Because of the many deficiencies in Mickens's opening brief, we affirm.

# II.

# FACTUAL AND PROCEDURAL BACKGROUND[1]

Respondent Public Guardian was appointed the permanent conservator for Parks's estate in 2018 before her death in 2020. As the conservator, Public Guardian was responsible only for managing Parks's financial affairs and her estate. Mickens objected to Public Guardian's appointment as conservator of his mother's estate and petitioned to be appointed the conservator.

After Parks died, Public Guardian submitted a proposed final accounting for her estate. The probate court approved and adopted the accounting, which authorized Public Guardian to distribute all of the assets in Parks's estate. The probate court's order concluded by ordering the conservatorship of the estate terminated. Mickens timely appealed.

---

[1] Our recitation of the background of this case is truncated given the problems with Mickens's opening brief, which we discuss below.

III.

DISCUSSION

Mickens challenges the probate court's order approving the final accounting. His opening brief has several deficiencies that require us affirm the order.[2]

First, the opening brief's statement of appealability reads in full, "The court entered an Order that the final accounting was approved and granted to Public Guardian before Trial. (I CT 143-144.)." This fails to comply with California Rules of Court, rule 8.204(a)(2)(B), which requires an appellant to "[s]tate that the judgment appealed from is final, or explain why the order appealed from is appealable." As a result, we exercise our discretion to disregard Mickens's entire opening brief. (See *Lester v. Lennane* (2000) 84 Cal.App.4th 536, 557.)

Public Guardian does not argue the probate court's order is nonappealable. But because "the question of appealability goes to our jurisdiction, we are dutybound to consider it on our own motion." (*Olson v. Cory* (1983) 35 Cal.3d 390, 398.) The probate court's order that Mickens challenges terminated the conservatorship, which technically moots this appeal. But "[b]ecause a conservatorship is relatively brief (one year) in comparison with the appellate process," we conclude we have jurisdiction to consider this appeal as raising an issue "capable of recurring, yet of evading review because of

---

[2] Mickens notified this court that he would not file a reply brief, and he did not do so. However, after oral argument, Mickens attempted to file additional documents into the record. We rejected the documents and decline to consider them. (See Cal. Rules of Court, rule 8.256(d)(1).)

mootness." (*Conservatorship of Susan T.* (1994) 8 Cal.4th 1005, 1011, fn. 5; accord, *Conservatorship of K.P.* (2019) 39 Cal.App.5th 254, 257, fn. 2.)

Another problem with Mickens's opening brief is that it does not identify the applicable standard of review or tailor its arguments to that standard. We interpret this as a concession that Mickens's appeal lacks merit. (See *Ewald v. Nationstar Mortgage, LLC* (2017) 13 Cal.App.5th 947, 948; *Sonic Manufacturing Technologies, Inc. v. AAE Systems, Inc.* (2011) 196 Cal.App.4th 456, 465; *People v. Foss* (2007) 155 Cal.App.4th 113, 126.)

Third, and most importantly, the argument section of Mickens's opening brief contains no coherent argument or citations to authority or the record. Instead, it reads in full: "During the conservatorship the court allowed [Mickens's sisters] Cleo [P]arks and Ruqayyak Parks to act as gatekeepers of the adult children of Bessie [P]arks. They went into her personal credit union account and withdrew money that was not community property. The court created orders to allow Clio parts [*sic*] to go into the accounts. Cleo, Ruqayyah Parks, and the Riverside Public Guardian never failed [*sic*] a proper accounting. The Court approved the accounting knowing that account numbers have been changed, bank account withdrawals, and real estate property that was not accounted for. Bessie Park's adult children wanted to take care of their mother, and that was denied by the court for unknown reasons. [T]he court has threatened the Mickens attorneys on multiple occasions. The IRS tax returns have not been verified by the Mickens family."

4

Simply put, Mickens has failed to articulate an intelligible argument supported by appropriate authority and citations to the record in the argument section of his opening brief. We therefore need not consider it. (See *Wright v. City of Los Angeles* (2001) 93 Cal.App.4th 683, 689 ["Generally, asserted grounds for appeal that are unsupported by any citation to authority and that merely complain of error without presenting a coherent legal argument are deemed abandoned and unworthy of discussion."]; *300 DeHaro Street Investors v. Department of Housing & Community Development* (2008) 161 Cal.App.4th 1240, 1257 [appellant forfeited argument "by failing to brief it properly under a separate heading . . . and . . . failing to provide adequate legal analysis"]; Cal. Rules of Court, rule 8.204(a)(1)(B) [each brief must "[s]tate each point under a separate heading or subheading summarizing the point, and support each point by argument and, if possible, by citation of authority"].)

We recognize Mickens is representing himself without an attorney. But he still must "'be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys.'" (*First American Title Co. v. Mirzaian* (2003) 108 Cal.App.4th 956, 958, fn. 1.) His opening brief violates several rules, contains no reasoned argument supported by legal authority and the record, and is essentially unintelligible.

In other words, we can glean no coherent argument from Mickens's opening brief. As a reviewing court, "[w]e are not required to examine undeveloped claims or to supply arguments for the litigants." (*Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41,

5

52.)  We therefore deem "all points asserted in this appeal to be forfeited as unsupported by 'adequate factual or legal analysis.'"  (*Singh v. Lipworth* (2014) 227 Cal.App.4th 813, 817.)  As a result, we must affirm the order appealed from without discussing the merits. (*Ewald v. Nationstar Mortgage, LLC*, *supra*, 13 Cal.App.5th at p. 948.)

Finally, we acknowledge and appreciate Mickens's vigorous and respectful argument at oral argument.  However, for the reasons explained above, the law requires us to affirm probate court's order.

IV.

DISPOSITION

The order appealed from is affirmed.  Public Guardian may recover its costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

RAMIREZ
P. J.

RAPHAEL
J.

6