Filed 12/27/23  Estate of Parks CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| Estate of BESSIE RUTH PARKS, Deceased. | |
| RUQAYYAH N. PARKS, Petitioner and Respondent, v. REGINALD G. MICKENS, Objector and Appellant. | E078074 (Super. Ct. No. PRRI2000883) OPINION |

APPEAL from the Superior Court of Riverside County.  Kenneth J. Fernandez, Judge.  Affirmed.

Reginald G. Mickens, in pro. per. for Objector and Appellant.

Law Offices of Amanda A. Stewart and Amanda A. Stewart, for Petitioner and Respondent.

1

I.

INTRODUCTION

Appellant, Reginald Mickens, proceeding in pro. per., appeals the probate court's order appointing respondent, Ruqayyah Parks, as the administrator of the estate of his deceased mother, Bessie Ruth Parks. Because of the many deficiencies in Mickens's opening brief, we affirm.

II.

FACTUAL AND PROCEDURAL BACKGROUND[1]

Mickens filed a Petition for Probate of Lost Will seeking to be appointed administrator of Bessie's[2] estate. Mickens alleged Bessie had a lost will that appointed him and others the administrators of her estate. The case was assigned to the Honorable Thomas Cahraman. After Mickens filed a peremptory challenge against Judge Cahraman, the case was assigned to the Honorable Kenneth Fernandez. Ruqayyah filed a competition petition for probate seeking to be appointed administrator of Bessie's estate.

After a number of continuances, Judge Fernandez held a hearing on the competing petitions. By that point, Mickens still had not filed a copy of Bessie's allegedly lost will. Judge Fernandez denied Mickens's petition, overruled his objections to Ruqayyah's petition, and found that Bessie died intestate. Judge Fernandez later granted Ruqayyah's

---

[1] Our recitation of the background of this case is truncated given the problems with Mickens's opening brief, which we discuss below.

[2] We refer to Ruqayyah and Bessie by their first names because of their shared last name. We mean no disrespect.

petition and granted her "letters of administration" for Bessie's estate, meaning that she became administrator of the estate with full authority. Mickens timely appealed.

III.

DISCUSSION

Mickens challenges the probate court's order appointing Ruqayyah as the administrator of Bessie's estate. His opening brief has several deficiencies that require us affirm the order.[3]

First, the opening brief's statement of appealability reads in full, "Appeal From an Order Before Trial of the Superior Court, County of Riverside. (1RT 56) Hon. Kenneth Fernandez, Judge." This fails to comply with California Rules of Court, rule 8.204(a)(2)(B), which requires an appellant to "[s]tate that the judgment appealed from is final, or explain why the order appealed from is appealable." As a result, we exercise our discretion to disregard Mickens's entire opening brief. (See *Lester v. Lennane* (2000) 84 Cal.App.4th 536, 557.)

Ruqayyah does not argue the probate court's order is nonappealable. But because "the question of appealability goes to our jurisdiction, we are dutybound to consider it on our own motion." (*Olson v. Cory* (1983) 35 Cal.3d 390, 398.) We have jurisdiction under Probate Code section 1303, subdivision (a), which makes an order "[g]ranting . . .

---

[3] Mickens notified this court that he would not file a reply brief, and he did not do so. However, after oral argument, Mickens attempted to file additional documents into the record. We rejected the documents and decline to consider them. (See Cal. Rules of Court, rule 8.256(d)(1).)

letters [of administration] to a personal representative" appealable. (Code Civ. Proc., § 904.1, subd. (a)(10) ["appeal may be taken '[f]rom an order made appealable by the Probate Code'"]; *Estate of Sapp* (2019) 36 Cal.App.5th 86, 99; *Estate of Jones* (2004) 122 Cal.App.4th 326, 331.)

Another problem with Mickens's opening brief is that it does not identify the applicable standard of review or tailor its arguments to that standard. We interpret this as a concession that Mickens's appeal lacks merit. (See *Ewald v. Nationstar Mortgage, LLC* (2017) 13 Cal.App.5th 947, 948; *Sonic Manufacturing Technologies, Inc. v. AAE Systems, Inc.* (2011) 196 Cal.App.4th 456, 465; *People v. Foss* (2007) 155 Cal.App.4th 113, 126.)

Third, and most importantly, the argument section of Mickens's opening brief contains no coherent argument or citations to authority or the record. Instead, it reads in full: "On July 6th, 2020, Reginald Mickens filed a peremptory challenge 170.6, case RIP1501062, on Thomas H. Cahraman, the judge in Department 8. On July 8th, 2020, it was granted. Case reassigned to Judge Kenneth Fernandez and Superior Court California county Riverside historic courthouse department 11th for all purposes. During this time frame, the only case active was conservator case RIP1501062. On July 28th, 2020, A Nunc Pro Tunc Hearing was held at 8:18 am in Dept 11, Judge Thomas H. Cahraman. It appears that Judge Thomas went into court 11 and separated the conservator case and the probate case from one another. The purpose of filing the 170.6 W hill remove Judge Thomas H. Cahraman from the case completely. Judge Kenneth Fernandez takes notice

4

of the Riverside Superior Probate Conservatorship case RIP1501062. It appears that Judge William Berry and Judge Kenneth Fernandez did not read the conservatorship case RIP1501062 and issued letters of administration to Ruqayyah [N.] Parks. After she was removed as the conservator of the Estate in the conservatorship case RIP1501062."

Simply put, Mickens has failed to articulate an intelligible argument supported by appropriate authority and citations to the record in the argument section of his opening brief. We therefore need not consider it. (See *Wright v. City of Los Angeles* (2001) 93 Cal.App.4th 683, 689 ["Generally, asserted grounds for appeal that are unsupported by any citation to authority and that merely complain of error without presenting a coherent legal argument are deemed abandoned and unworthy of discussion."]; *300 DeHaro Street Investors v. Department of Housing & Community Development* (2008) 161 Cal.App.4th 1240, 1257 [appellant forfeited argument "by failing to brief it properly under a separate heading . . . and . . . failing to provide adequate legal analysis"]; Cal. Rules of Court, rule 8.204(a)(1)(B) [each brief must "[s]tate each point under a separate heading or subheading summarizing the point, and support each point by argument and, if possible, by citation of authority"].)

We recognize Mickens is representing himself without an attorney. But he still must "'be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys.'" (*First American Title Co. v. Mirzaian* (2003) 108 Cal.App.4th 956, 958, fn. 1.) His opening brief violates several rules,

5

contains no reasoned argument supported by legal authority and the record, and is essentially unintelligible.

In other words, we can glean no coherent argument from Mickens's opening brief. As a reviewing court, "[w]e are not required to examine undeveloped claims or to supply arguments for the litigants." (*Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 52.) We therefore deem "all points asserted in this appeal to be forfeited as unsupported by 'adequate factual or legal analysis.'" (*Singh v. Lipworth* (2014) 227 Cal.App.4th 813, 817.) As a result, we affirm the order appealed from without discussing the merits. (*Ewald v. Nationstar Mortgage, LLC*, *supra*, 13 Cal.App.5th at p. 948.)

We affirm the order for the additional reason that Mickens's record is inadequate. The appellant bears the burden of proving an adequate record on appeal, and an appellant's failure to do so "'requires that the issue be resolved against [appellant].'" (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187.) The only filing in Mickens's record is the probate court's order appointing Ruqayyah the estate administrator. We cannot properly review that order without at least reviewing Mickens's and Ruqayyah's petitions to be appointed administrator. Because Mickens has not provided us an adequate record on appeal, we must affirm. (*Ibid.*)

Finally, we acknowledge and appreciate Mickens's vigorous and respectful argument at oral argument. However, for the reasons explained above, the law requires us to affirm probate court's order.

IV.

DISPOSITION

The probate court's order appointing Ruqayyah administrator of Bessie's estate is affirmed.  Ruqayyah may recover her costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON

J.

We concur:


RAMIREZ

P. J.


RAPHAEL

J.