Filed 5/15/24  Swanegan v. A-1 Shower Door and Mirror Co. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| ORSYNDAH SWANEGAN,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>A-1 SHOWER DOOR AND MIRROR COMPANY,<br><br>Defendant and Respondent. | F085361<br><br>(Super. Ct. No. 12CECG00981)<br><br>**OPINION** |

### THE COURT[1]*

APPEAL from an order of the Superior Court of Fresno County.  Kimberly A. Gaab, Judge.

Orsyndah Swanegan, in pro. per., for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

-ooOoo-

Orsyndah Swanegan, appearing in propria persona, appeals from an order denying her motion to amend a judgment to add a judgment debtor.  She has failed to provide an adequate record of the trial court proceedings or to file a brief in compliance with

---

* Before Poochigian, Acting P. J., Smith, J. and Snauffer, J.

applicable California Rules of Court.  We conclude that Swanegan has thereby forfeited her appellate arguments, and we affirm the trial court's decision.

" 'A judgment or order of the lower court is *presumed correct*.  All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.  This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)  Also, "[a] self-represented party is to be treated like any other party and is entitled to the same, but no greater, consideration than other litigants having attorneys." (*Elena S. v. Kroutik* (2016) 247 Cal.App.4th 570, 574; accord *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984–985 [self-represented litigant not entitled to lenient treatment].)

We begin with the lack of an adequate record.  According to Swanegan's notice of appeal, she appeals from a September 28, 2022, order denying her motion to amend a judgment.  The two-page order begins:  "The papers filed with this motion do not include a memorandum of points and authorities or declaration.  Plaintiff filed a 'Notice of Motion,' as well as a document titled 'Amendment' listing the reasons she believes Timothy L. Webb should be named as a judgment debtor and attaching Exhibits A through G.  There is no proof of service of either document.  The failure to serve the document alone is sufficient for the court to deny the motion.  (Code Civ. Proc., § 1005, subd. (b).)"  The order continues:  "The court previously denied plaintiff's motion to amend the judgment to name Timothy L. Webb as a judgment debtor on October 3, 2016."

The clerk's transcript in this appeal does not contain the notice of motion or the "amendment" filed in connection with the underlying motion.  Instead, the clerk's transcript contains the memorandum of points and authorities Swanegan filed in support

of her referenced 2016 motion. Swanegan also attaches several documents as exhibits to her opening brief, none of which are motion papers.[2]

It is an appellant's burden to ensure that the record is adequate to review the appellant's claims, and the failure to provide an adequate record ordinarily results in affirmance of the judgment. (See, e.g., *Gee v. American Realty & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416.) Here, the appellate record does not contain the motion papers for the most recent motion or a transcript of the hearing on the motion. Without seeing what Swanegan argued in her motion, we cannot determine whether the court erred in denying the motion. We must abide by the presumption of correctness here.

Besides having failed to provide an adequate record, Swanegan failed to comply with basic appellate rules on briefing. Her opening brief lacks proper legal arguments, contains no citations to the clerk's transcript and only a few citations to the exhibits attached to her opening brief, and is essentially incomprehensible. "To demonstrate error, appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error. [Citations.] When a point is asserted without argument and authority for the proposition, 'it is deemed to be without foundation and requires no discussion by the reviewing court.' " (*In re S.C.* (2006) 138 Cal.App.4th 396, 408; Cal. Rules of Court, rule 8.204(a)(1)(B)–(C).) As a reviewing court, "[w]e are not required to examined undeveloped claims or to supply arguments for the litigants." (*Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 52.)

---

[2] Also, none of the attached exhibits are in the appellate record. California Rules of Court, rule 8.204(d) permits a party filing a brief to attach copies of "exhibits or other material in the appellate record," or copies of relevant statutes, rules, regulations, and "similar citable materials that are not readily accessible[.]" Thus, these exhibits violate the rules.

Given the lack of record and inadequate brief, we must conclude that Swanegan has forfeited whatever contentions she may be attempting to assert on appeal. (See *Singh v. Lipworth* (2014) 227 Cal.App.4th 813, 817 ["We consider all points asserted in this appeal to be forfeited as unsupported by 'adequate factual or legal analysis.' "]; see also *In re Marriage of Brandes* (2015) 239 Cal.App.4th 1461, 1481 [" ' " 'When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived.' " ' "].) These deficiencies are far from mere technicalities. They leave us without a basis to understand, much less resolve, any appellate contention she may have wanted to present.

## DISPOSITION

The trial court's order is affirmed. No costs on appeal are awarded.