Filed 6/23/26  Marriage of Oram and Redding CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

|  |  |
|---|---|
| In re the Marriage of HUGH ORAM and TARA REDDING. | |
| HUGH ORAM, | E085341 |
| Respondent, | (Super. Ct. No. FAMSS2002912) |
| v. | OPINION |
| TARA REDDING, | |
| Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Shannon Suber, Judge.  Affirmed.

Tara A. Redding, in pro. per., for Appellant.

No Appearance for Respondent.

# I.

## INTRODUCTION

In this marriage dissolution action, Appellant, Tara Redding, proceeding in pro. per., appeals the family court's order denying her Request for Order (RFO) seeking modification of the court's orders regarding spousal support and the parties' division of property.  We affirm.

# II.

## FACTUAL AND PROCEDURAL BACKGROUND[1]

Redding's ex-husband Hugh Oram, filed for divorce in 2020.  In February 2024, the family court entered a judgment of dissolution, which ordered a division of the parties' property and ordered Oram to pay spousal support to Redding.  In July 2024, Redding filed a RFO seeking to modify the spousal support order and for orders related to the division of the parties' property.  The family court denied the RFO.  One day later, Redding filed another RFO, again seeking a modification of the spousal support order and the division of the parties' property.  The family court denied the RFO, and Redding timely appealed.

---

[1]  Given our conclusion outlined below that Redding forfeited her claims of error on appeal, we provide only a brief recitation of the background of this case.

III.

DISCUSSION

Redding contends the family court's erred by denying her RFO seeking modification of the court's spousal support order and orders dividing the parties' property. We conclude Redding has forfeited any claim of error on appeal.

Redding has failed to meet her burden of showing reversible error in her opening brief.[2] The argument section in Redding's opening brief reads in full: "Had the [family court] Commissioner shown restraint and acted unbiasedly, both parties would have been made whole, had a fair and adequate trial, proper division of community property, Appellant's pets wouldn't have been killed, there would have been no abuse of authority or favoritism, the Commissioner would have kept her personal feelings to herself, allowed the law to be the pinnacle of the case, much heartache and strife could have been avoided. Trust in t[h]e judicial system would remain firm, but now the trust is wavering, and needing the courts makes the Appellant fearful, See Furey v. Commission on Judicial Performance 43 Cal.3d 1297, Kloepfer v. Commission on Judicial Performance 49 Cal.3d 826, Censure of Judge Fred L. Heene, Jr., Inquiry Concerning Judge D. Ronald Hyde 48 Cal.4th CJP Supp. 329, Public Admonishment of Commissioner Alan H. Friedenthal, Public Admonishment of Judge Joan Comparet-Cassani, Public Admonishment of Judge James M. Petrucelli."

---

[2] Because Oram did not file a respondent's brief, Redding did not file a reply brief.

3

An appellant, like Redding, must provide "'some cogent argument supported by legal analysis'" to prevail on appeal. (*Champir, LLC v. Fairbanks Ranch Assn.* (2021) 66 Cal.App.5th 583, 597.) If the appellant fails to do so, "[w]e may and do 'disregard conclusory arguments that are not supported by pertinent legal authority.'" (*United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 153.) That is what we do here. Redding's one-paragraph argument section provides no meaningful argument supported by appropriate legal authority or analysis. Instead, Redding simply asserts without any explanation that the family court made a series of errors—acted biased against her, failed to hold a "fair and adequate trial," and failed to properly divide community property—and then claims those errors harmed her. Redding's citation to various judicial discipline cases "without pertinent argument or an attempt to apply the law to the circumstances of this case, is inadequate" to show prejudicial error. (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852.)

As a reviewing court, "[w]e are not required to examine undeveloped claims or to supply arguments for the litigants." (*Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 52.) Given the inadequacies in Redding's opening brief, we deem "all points asserted in this appeal to be forfeited as unsupported by 'adequate factual or legal analysis.'" (*Singh v. Lipworth* (2014) 227 Cal.App.4th 813, 817; see also *United Grand Corp. v. Malibu Hillbillies, LLC*, *supra*, 36 Cal.App.5th at p. 146 ["'[T]o demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record.'"]; *Department of Alcoholic Beverage Control v.*

*Alcoholic Beverage Control Appeals Bd.* (2002) 100 Cal.App.4th 1066, 1078, ["suggestions of error without supporting argument or authority other than general abstract principles do not properly present grounds for appellate review"]; *Wright v. City of Los Angeles* (2001) 93 Cal.App.4th 683, 689 ["Generally, asserted grounds for appeal that are unsupported by any citation to authority and that merely complain of error without presenting a coherent legal argument are deemed abandoned and unworthy of discussion."].)

To the extent Redding raises arguments in the nearly 20-page "Statement of the Case" section of her opening brief, we decline to consider them. When assessing whether Redding has met her burden on appeal, our review is guided by the headings in the argument section of her opening brief. (See Cal. Rules of Court, rule 8.204(a)(1)(B); *Opdyk v. California Horse Racing Bd.* (1995) 34 Cal.App.4th 1826, 1830, fn. 4.) We thus disregard any argument that is not clearly identified in a heading. (*Opdyk v. California Horse Racing Bd.*, *supra*, at p. 1830, fn. 4.) Nor do we consider arguments made outside of the argument section of her opening brief. (See *Evans v. Centerstone Development Co.* (2005) 134 Cal.App.4th 151, 165). Because there are no arguments clearly identified in a heading in the Statement of the Case section of Redding's opening brief and they are not made in the argument section, we disregard any argument made in the Statement of the Case section.

IV.

DISPOSITION

The family court's December 23, 2024 order denying Redding's RFO is affirmed.

Oram may recover his costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

MILLER
          Acting P. J.

LEE
                    J.